RECEIVED
JAN 05 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GILBERT BRYAN | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) FIRST AMENDED COMPLAINT |
| | ) 5:25-CV-00780-FL |
| | ) |
| CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

## II. PARTIES

Plaintiff Gilbert Bryan is a natural person residing in the Eastern District of North Carolina.

1

Defendant Capital One Bank (USA), National Association ("Capital One") is a national banking association engaged in consumer credit lending and account servicing, including within this District.

## III. FACTUAL ALLEGATIONS

Plaintiff is the holder of a Kohl's Rewards Visa credit card account ending in 5143 (the "Account"), issued and serviced by Capital One.

At all relevant times, the Account was governed by a consumer credit agreement and subject to federal consumer protection statutes.

In or about August–September 2025, a dispute arose concerning the status and servicing of the Account, including payment application and account access.

Plaintiff transmitted multiple written notices to Capital One disputing the account status and tendering payment, including:

a. A written notice and tender sent on or about August 1, 2025;

b. A follow-up notice and tender sent on or about September 8–10, 2025; and

c. A final written notice sent on or about September 25, 2025.

Each notice was transmitted by certified mail, and Capital One received each communication.

On or about September 18, 2025, Plaintiff remitted a $64.00 certified cashier's check issued by State Employees' Credit Union to Capital One as payment on the Account.

Capital One accepted and negotiated the certified check, evidencing receipt of payment.

2

Following receipt and negotiation of the payment, Capital One reopened or restored the Account.

Shortly thereafter, Capital One closed the Account again, restricted Plaintiff's access, and failed to provide a clear explanation of the Account's status.

Capital One did not provide Plaintiff with a written adverse action notice stating the specific reasons for the account closure.

Capital One subsequently furnished negative or adverse information regarding the Account to one or more consumer reporting agencies.

Plaintiff disputed the accuracy of the furnished information and the handling of the Account.

Capital One failed to reasonably investigate the dispute and continued furnishing inaccurate or misleading information.

As a result of Capital One's actions, Plaintiff suffered damages, including loss of credit access, credit harm, emotional distress, and out-of-pocket costs.

## IV. CLAIMS FOR RELIEF

### COUNT I- VIOLATION OF THE TRUTH IN LENDING ACT (15 U.S.C. § 1601 et seq.)

Plaintiff incorporates the preceding paragraphs.

Capital One failed to properly credit Plaintiff's payment and failed to clearly and accurately disclose the status of the Account after receiving payment.

3

Capital One's handling of Plaintiff's payment and subsequent account restrictions constitute improper billing and servicing practices under 15 U.S.C. § 1666 and Regulation Z (12 C.F.R. Part 1026).

Plaintiff's written notices and disputes identified billing and payment-application errors on the Account, triggering Capital One's duties under 15 U.S.C. § 1666 to investigate and correct or explain the alleged errors in writing

Plaintiff suffered actual damages as a result of Capital One's TILA violations.

## COUNT II- VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C. § 1691; Regulation B)

Plaintiff incorporates the preceding paragraphs.

Capital One took adverse action by closing Plaintiff's Account and restricting access after payment was received.

Closing and restricting the Account reduced or revoked Plaintiff's existing line of credit and ability to make purchases, constituting an 'adverse action' under 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.2(c).

Capital One failed to provide Plaintiff with a written adverse action notice stating specific reasons for the action, as required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 1002.9.

Plaintiff was harmed by Capital One's failure to comply with ECOA and Regulation B.

## COUNT III- VIOLATION OF THE FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681s-2(b))

Plaintiff incorporates the preceding paragraphs.

Capital One furnished information to consumer reporting agencies regarding the Account that was inaccurate, incomplete, or misleading.

After receiving notice of Plaintiff's dispute, Capital One failed to conduct a reasonable investigation and failed to correct or delete inaccurate information.

Capital One's conduct violated 15 U.S.C. § 1681s-2(b).

Plaintiff suffered damages as a result of Capital One's FCRA violations.

**COUNT IV- BREACH OF CONTRACT (North Carolina Law)**

Plaintiff incorporates the preceding paragraphs.

A valid consumer credit contract existed between Plaintiff and Capital One.

Plaintiff performed his obligations under the contract by tendering payment.

Capital One breached the contract by failing to apply payment consistently, closing the Account without contractual justification, and furnishing adverse information.

Plaintiff suffered damages as a direct result of the breach.

**COUNT V- UNJUST ENRICHMENT (Pled in the Alternative)**

Plaintiff incorporates the preceding paragraphs.

Capital One accepted and retained Plaintiff's payment while denying the corresponding benefit of account access and accurate reporting.

5